55123 **P

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

DAVEEN MARIE GEORGE

                                            6-07-bk-01604-ABB
        Debtor(s)
_____

and

FIA CARD SERVICES, N.A.

        Plaintiff,

vs.                      Adv. Case No.

DAVEEN M. GEORGE

        Defendant(s).
_____/

COMPLAINT FOR NONDISCHARGEABILITY OF DEBT
AND FOR MONEY JUDGMENT

    COMES NOW the Plaintiff, FIA CARD SERVICES, N.A., by and through its undersigned attorneys, and sues the Defendant(s), DAVEEN M. GEORGE, herafter referred to as "Defendant", and alleges:

    1.  This is an adversary proceeding pursuant to F.R.B.P. 7001 et seq. Jurisdiction is vested in this Honorable Court by virtue of 28 U.S.C. Sec. 1334 and 28 U.S.C. Sec. 157 (b)(2)(1). This is a core proceeding.  Plaintiff seeks a determination of nondischargeability of its debt pursuant to 11 U.S.C. 523 (a)(2)(A) and (a)(2)(C).

    2.  Defendant is a Debtor in this bankruptcy case, having filed a voluntary petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code on 04/23/2007.

    3.  Plaintiff is a federally insured financial institution authorized to do business in the State of Florida.

FACTS APPLICABLE TO ALL COUNTS

    4.  Plaintiff is a creditor of Defendant by virtue of its having issued a credit card to Defendant on a credit account, Account No.: 5490356719285274 (the "Account").  The outstanding balance on the Account exceeds the amount being sought herein.

    5.  Plaintiff reasonably relied on Defendants representations to Plaintiff that by obtaining and using the credit line available in the Account, Defendant would repay all amounts utilized in accordance with the terms and conditions as set forth in the credit card agreement.

6. Defendant made charges against the credit card for luxury goods and/or services and/or for cash advances in the amount of $7,317.89 as evidenced by the attached Account Statement covering the period in question, which charges may be presumed to be a non-dischargeable debt under the provisions of 11 U.S.C. Sec. 523(a)(2)(C), as the luxury purchases were made within 90 days and/or the cash advances(s) were made within 70 days preceding the Order for Relief.

7. Upon information and belief, Defendant was already insolvent at the time of incurring the aforementioned charges, and did not have the present ability or a realistic future possibility to repay the debt based on the scheduled unsecured debt owed, and the income, or lack thereof, as scheduled.

8. Plaintiff relied on the representations of the Defendant of repayment and was induced to extend credit to Defendant by said representations and as a result of the actions of the Defendant, Plaintiff has thereby sustained a loss.

9. Because of the actions of the Defendant, it was necessary for the Plaintiff to employ its undersigned attorneys and instruct the filing of this action for which the Plaintiff will incur additional costs and expenses, including attorney fees, which Defendant is obligated to pay under the terms and conditions of the credit card agreement between the parties.

COUNT I FOR A MONEY JUDGMENT

10. Plaintiff realleges each and every previously numbered paragraph as though fully set forth herein.

11. By reason of the foregoing, Plaintiff respectfully requests this Honorable Court to enter a money judgment in favor of the Plaintiff and against Defendant in the amount of $7,317.89 representing the luxury goods and services and cash advances charges made during the presumption period.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a money judgment in favor of the  Plaintiff and against Defendant for the sum of $7,317.89, plus costs and a reasonable attorneys fees incurred in the prosecution of this adversary proceeding and any further relief this Court deems just and proper.

COUNT II FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBT

12. Plaintiff realleges each and every previously numbered paragraph as though fully set forth herein.

13. By reason of the foregoing, Defendant obtained money, property, or services from the Plaintiff through abuse, false pretense and fraud in violation of 11 U.S.C. Sec 523(a)(2)(A) and (C).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment against Defendant pursuant to 11 U.S.C. Sec. 523 (a)(2), determining that the money judgment, if any, obtained in Count I above be held nondischargeable.

DATED: 07/20/2007

/s/ Victor H. Veschio
_____
Victor H. Veschio, #136794
Jary C. Nixon- Bar No. 58873
Tary L. Nixon, #152194

3105 W. Waters Ave., Suite 204
Tampa, FL 33614 Phone(813)933-7722

File:55123*07/20/2007

Attachments: Account Statement of Charges Made