UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FILED**

**DEC 19 2007**

CLERK, U.S. BANKRUPTCY
ORLANDO DIVISION

In re:

DAVEEN MARIE GEORGE

Case No. 6:07-bk-01604-ABB
Chapter 7

Debtors.
_____/

FIA CARD SERVICES, N.A.,

    Plaintiff,

Adv. Pro. No. 6:07-ap-00087-ABB

vs.

DAVEEN MARIE GEORGE,

    Defendant.
_____/

## MEMORANDUM OPINION

This matter came before the Court on the Complaint for Nondischargeability of Debt and for Money Judgment (Doc. No. 1) filed by FIA Card Services, N.A., the Plaintiff herein ("Plaintiff"), against Daveen Marie George, the *pro se* Debtor and Defendant herein (the "Debtor"), in which the Plaintiff objects to the discharge of debt pursuant to 11 U.S.C. Sections 523 (a)(2)(A) and (a)(2)(C). An evidentiary hearing was held on November 5, 2007 at which the Debtor and the counsel for the Plaintiff appeared. The Plaintiff agreed to prepare a breakdown of each credit card transaction at issue and the Debtor agreed to review the breakdown and provide an explanation of each charge. The parties submitted a Memorandum of Admitted Charges (Doc. No. 26).[1]

---

[1] The Plaintiff filed a Motion for Summary Judgment (Doc. No. 14) seeking summary judgment on the Complaint. The November 5, 2007 hearing was treated as a final evidentiary hearing on the Complaint and the parties, having presented all of their evidence, seek a determination on the Complaint.

The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live argument, and being otherwise fully advised in the premises.

### **FINDINGS OF FACT**

The Debtor filed the above-captioned individual Chapter 7 case on April 23, 2007 ("Petition Date"). The Plaintiff issued the Debtor a WorldPoints credit card, Account Number 5490 3567 1928 5274, prepetition. The credit card was not revoked.

The Plaintiff asserts the Debtor's prepetition credit card purchases of $2,484.17 and a cash advance of $6,000.00 are nondischargeable.[2] The transactions and their purposes as explained by the Debtor are:

| | |
|---|---|
| February 22, 2007: | $853.00 Klines Jewelry - Debtor's wedding ring |
| February 23, 2007: | $895.79 Walmart – gift purchases for Debtor's daughter |
| February 25, 2007: | $396.37 Walmart – gift purchases for Debtor's daughter |
| February 27, 2007: | $6,000.00 cash advance convenience check – to pay bills |
| March 1, 2007: | $93.89 See Sees Candies – Easter candies |
| March 6, 2007: | $20.84 Amazon.com – books and videos |
| March 6, 2007: | $17.95 Amazon.com – books and videos |
| March 6, 2007: | $30.77 Amazon.com – books and videos |
| March 14, 2007: | $34.87 Eagle Outfitters – clothing for daughter |
| March 16, 2007: | $13.69 TG Casual Living - clothing |
| March 19, 2007: | $62.00 Sketchers – shoes for daughter |
| March 19, 2007: | $65.00 Sketchers – shoes for daughter |

The Debtor does not dispute she made the charges and stated she intended to pay the Plaintiff. She explained her father provided her with supplemental monthly income of $1,100.00 to $1,500.00, which she used to pay debts. She had no intention of filing for bankruptcy when the charges were made, but her father became ill and passed away. Without the supplemental income from her father, she could not pay her creditors and

---

[2] The Plaintiff asserts in its Complaint and Motion for Summary Judgment the "Verified Balance" of $7,317.89 is nondischargeable. This figure does not comport with the Memorandum of Admitted Charges in which charges of $8,484.17 are asserted to be nondischargeable.

sought bankruptcy protection. The Debtor did not specify whether she was receiving income from her father when the charges at issue were incurred.

The Plaintiff asserts the charges at issue were incurred by the Debtor "through abuse, false pretense and fraud . . . ." and are nondischargeable. A plaintiff, when asserting nondischargeability based upon false pretenses, a false representation, or actual fraud, is required to establish by a preponderance of the evidence: (i) the debtor made a false representation to deceive the plaintiff; (ii) the plaintiff relied on the misrepresentation; (iii) the reliance was justified; and (iv) the plaintiff sustained a loss as a result of the misrepresentation.

Consumer debts arising from the purchases of luxury goods or services from a single creditor aggregating more than $550.00 on or within ninety days of a bankruptcy filing are presumptively nondischargeable. Luxury goods or services do not include goods or services reasonably necessary for the support or maintenance of the debtor or a dependent of the debtor. Cash advances aggregating more than $825.00 obtained on or within seventy days of a bankruptcy filing that are extensions of consumer credit pursuant to an open credit plan are presumptively nondischargeable. The presumptions are rebuttable.

The Plaintiff relies on the presumptions and the Memorandum of Admitted Charges to establish nondischargeability. The Debtor obtained the $6,000.00 cash advance within seventy days of the Petition Date through a convenience check offered by the Plaintiff and she used the funds to pay personal debts. The cash advance constitutes an extension of credit pursuant to an open end credit plan. The cash advance is

3

presumptively nondischargeable. The Debtor failed to rebut the presumption. The Plaintiff has established the $6,000.00 cash advance is nondischargeable.

The charges totaling $2,484.17 were made within ninety days of the Petition Date and constitute consumer debts. The $853.00 wedding ring from Klines Jewelry is not a good reasonably acquired for the support or maintenance of the Debtor or a dependent of the Debtor. The wedding ring constitutes a luxury good purchase of more than $550.00 made within ninety days of the Petition Date. The ring debt is presumptively nondischargeable. The Debtor failed to rebut the presumption. The Plaintiff has established the $853.00 debt is nondischargeable.

The Plaintiff did not establish the nondischargeability presumption elements for the remaining charges totaling $1,631.17. The circumstances surrounding the purchases reflect the charges are not debts incurred for luxury goods or services. The Debtor established they are goods reasonably acquired for the support and maintenance of her and her children. The items purchased served significant family functions and the transactions do not evidence fiscal irresponsibility.

The Debtor intended to pay the Plaintiff for the purchases and did not incur the debt of $1,631.17 through fraud. The Plaintiff did not establish the Debtor made a false representation to deceive the Plaintiff in connection with the purchases. The Plaintiff did not establish it relied on any misrepresentation, such reliance was justified, and the Plaintiff sustained a loss as a result of the misrepresentation. The charges of $1,631.17 are dischargeable and due to be discharged.[3]

---

[3] The Debtor obtained a discharge on August 7, 2007 (Main Case Doc. No. 22).

4

## **CONCLUSIONS OF LAW**

The party objecting to the dischargeability of a debt carries the burden of proof and the standard of proof is preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991); Fed. R. Bankr. P. 4005 (2007). Exceptions to discharge "should be strictly construed against the creditor and liberally in favor of the debtor." Schweig v. Hunter (In re Hunter), 780 F.2d 1577, 1579 (11th Cir. 1986).

The Plaintiff contends the debt of $8,484.17 should be excepted from discharge pursuant to 11 U.S.C. Section 523(a)(2)(A), which provides a discharge pursuant to Section 727 does not discharge an individual from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—"

> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A) (2007).

A plaintiff's burden of proof in a nondischargeability action is substantial. A plaintiff must establish the traditional elements of common law fraud to prevail in a Section 523(a)(2)(A) action. SEC v. Bilzerian (In re Bilzerian), 153 F.3d 1278, 1281 (11th Cir. 1998). A plaintiff must establish: (i) the debtor made a false representation to deceive the creditor; (ii) the creditor relied on the misrepresentation; (iii) the reliance was justified; and (iv) the creditor sustained a loss as a result of the misrepresentation. Id.; In re Johannessen, 76 F.3d 347, 350 (11th Cir. 1996); City Bank & Trust Co. v. Vann (In re Vann), 67 F.3d 277, 280 (11th Cir. 1995). The objecting party must establish each of the four elements of fraud by a preponderance of the evidence. Grogan, 498 U.S. at 287, 291; In re Hunter, 210 B.R. 212, 214 (Bankr. M.D. Fla. 1997).

A presumption of fraud arises where luxury goods and services are purchased or cash advances are taken shortly before the filing of a bankruptcy case. Section 523(a)(2)(C), for purposes of Section 523(a)(2)(A), provides:

> (I) consumer debts owed to a single credit and aggregating more than $500 for "luxury goods or services" incurred by an individual debtor on or within 90 days before the order for relief under this title are presumed to be nondischargeable; and
>
> (II) cash advances aggregating more than $750 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 70 days before the order for relief under this title, are presumed to be nondischargeable; and
>
>> (ii) for purposes of this subparagraph—
>>
>> (I) the terms "consumer", "credit", and "open end credit plan" have the same meaning as in section 103 of the Truth in Lending Act; and
>> (II) the term "luxury goods or services" does not include goods or services reasonably necessary for the support or maintenance of the debtor or a dependent of the debtor.

11 U.S.C. § 523(a)(2)(C) (2006).[4] The presumptions are rebuttable. Hunter, 210 B.R. at 215-6. "Once the plaintiff has established the requirements of 11 U.S.C. § 523(a)(2)(C), the burden shifts to the defendant to rebut the presumption of fraud." In re Tabar, 220 B.R. 701, 704 (Bankr. M.D. Fla. 1998).

### *Cash Advance*

The Debtor obtained the $6,000.00 cash advance within seventy days of the Petition Date through a convenience check offered by the Plaintiff. The cash advance is greater than $825.00 and constitutes an extension of credit pursuant to an open end credit plan. The Plaintiff has established each element of Section 523(a)(2)(C). The cash

---

[4] The dollar amounts of Section 523(a)(2)(C) adjust every three years on April 1 to reflect the change in the Consumer Price Index for All Urban Consumers. 11 U.S.C. § 104(b)(1). For cases filed after April 1, 2007, the dollar amounts are $550.00 and $825.00, respectively. Judicial Conference of the U.S. Notice of Revision of Certain Dollar Amounts in the Bankruptcy Code Prescribed Under Section 104(b) of the Code, 72 Fed. Reg. 30, 7082 (Feb. 14, 2007). The Debtor's case was filed after April 1, 2007 and, therefore, the dollar amounts $550.00 and $825.00 apply.

advance is presumptively nondischargeable. The Debtor failed to rebut the presumption. The $6,000.00 cash advance is nondischargeable pursuant to Sections 523(a)(2)(A) and (a)(2)(C) of the Bankruptcy Code.

### *Purchases*

The Plaintiff contends the charges totaling $2,484.17 made within ninety days of the Petition Date are for luxury goods and are presumptively nondischargeable pursuant to Section 523(a)(2)(C). The charges constitute consumer debts pursuant to 11 U.S.C. Section 101(8).[5]

Goods that are reasonably necessary for the support or maintenance of the debtor or a dependent of the debtor are not luxury goods. 11 U.S.C. § 523(a)(2)(C)(ii)(II). Circumstances surrounding the purchase are relevant to the determination whether the good is a luxury good. In re McDonald, 129 B.R. 279, 282-83 (Bankr. M.D. Fla. 1991). Relevant considerations are whether the good served a significant family function and if the transaction evidences any fiscal responsibility. Id. at 283.

The Plaintiff established the $853.00 wedding ring purchase from Klines Jewelry is presumptively nondischargeable. The purchase was for more than $550.00 and made within ninety days of the Petition Date. The ring is not a good reasonably acquired for the support or maintenance of the Debtor or a dependent of the Debtor. The circumstances surrounding the purchase establish the ring is a luxury item. The Debtor failed to rebut the nondischargeability presumption. The Plaintiff has established the $853.00 debt is nondischargeable pursuant to Sections 523(a)(2)(A) and (a)(2)(C) of the Bankruptcy Code.

---

[5] "The term 'consumer debt' means debt incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8).

The Plaintiff is not entitled to the nondischargeability presumption for the remaining charges totaling $1,631.17. The remaining charges are not debts incurred for luxury goods or services. The Debtor established the goods were reasonably acquired for the support and maintenance of her and her children. The items purchased served significant family functions and the transactions do not evidence fiscal irresponsibility.

The Plaintiff did not establish the nondischargeability elements of Section 523(a)(2)(A) for the purchases totaling $1,631.17. The Debtor intended to pay the Plaintiff for the purchases and did not incur the debt of $1,631.17 through fraud. The Plaintiff did not establish the Debtor made a false representation to deceive the Plaintiff in connection with any of the purchases. The Plaintiff did not establish it relied on a misrepresentation, such reliance was justifiable, and it sustained a loss as a result. The charges of $1,631.17 are discharged.

A separate Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 19th day of December, 2007.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge